HORAN v. BOSTON & M. R. R.

(Circuit Court of Appeals, First Circuit.   January 19, 1911.)

No. 902.

RAILROADS (§ 320*)—INJURY TO PERSON AT CROSSING—NEGLIGENCE IN OPERA-
TION OF TRAIN.

As a general proposition, a locomotive engineer is not chargeable with
negligence for not stopping his train because he sees a' foot traveler ap-
proaching the track at a crossing in the daytime, as, in the absence of
exceptional situations, the justifiable assumption would be that the foot
traveler would see the train and that he would not walk in front of an
approaching engine.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1015;   Dec.
Dig. § 320.*]

On petition for rehearing. Denied.

For former opinion, see 183 Fed. 559.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH,
District Judge.

ALDRICH, District Judge.   The petition for a rehearing is de-
nied.   It is true that the second ground stated in the petition for a
rehearing was not expressly discussed in the opinion, and it was be-
cause it was not considered that the record reasonably raised any
question in respect to the defendant's want of care after discovering
the plaintiff's proximity to the railroad track.   As a general proposi-
tion, it is palpable that there is no warrant for saying that a locomotive
engineer should stop his train because he sees a foot traveler ap-
proaching the track at a crossing.   In the absence of exceptional sit-
uations, the justifiable assumption would be that a foot traveler in
daylight would see the train and that he would not walk in front of
an approaching engine.

The other point taken in the petition, that the opinion states "that
then the plaintiff walked diagonally across part of the street toward
the track, and then, still without looking, diagonally across the track,"
when in fact he had not reached the track, is grounded upon verbal
error.   The statement, in the opinion, is in substance accurate, and
would have been strictly accurate if it had concluded, "and then still
without looking started diagonally across the track," or "diagonally
toward the track."   Either would have been an accurate description
of what occurred, and the statement in the opinion is in substance suf-
ficiently accurate because the point against the plaintiff is based, not
necessarily upon the idea that he was on the track, but upon the idea
that, without looking for an approaching train, he walked diagonally
toward the track, and to a point at or near the track where he was
struck by the engine.   As it appears that he was walking with his
back partly to the, approaching train, and that he walked, without
looking, to the point where he was struck by the engine, it matters

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

little whether his diagonal course had taken him onto the track, or only to a point so near the track that the engine struck him.

It appearing that no one of the judges who concurred in the judgment desires a rehearing, the petition for rehearing is denied, and mandate may issue forthwith.